UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES LEROY SCOTT,<br><br>  Petitioner,<br><br>v.<br><br>TOM ROY, Commissioner of Corrections,<br><br>  Respondent. | Civil No. 11-1487 (PJS/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In September 1991, Petitioner was convicted in the state district court for Todd County, Minnesota, on charges of first and second degree murder.  He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Supreme Court. Petitioner raised numerous grounds for relief in his direct appeal, but all of his arguments were rejected on the merits, and his conviction and sentence were affirmed. State v. Scott, 493 N.W.2d 546 (Minn. 1992).

In 2000, Petitioner challenged his 1991 state murder conviction here in the United States District Court for the District of Minnesota, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Scott v. Bruton, Civil No. 00-1596 (DWF/RLE), [hereafter "Scott I"]. The case was referred to Magistrate Judge Raymond L. Erickson, who recommended that it should be summarily dismissed without prejudice because Petitioner had failed to exhaust his state court remedies for all of the claims presented in his petition. (Scott I, Report and Recommendation dated August 17, 2000, [Docket No. 7].) The District Court Judge later adopted that recommendation, and Scott I, was dismissed without prejudice on September 8, 2000. (Id., [Docket Nos. 8, 9].)

The following year, Petitioner filed a second habeas corpus petition in this District, in which he again challenged his 1991 state murder conviction. Scott v. Bruton, Civil No. 01-34 (DWF/RLE), [hereafter "Scott II"]. In Scott II, Magistrate Judge Erickson found that all of Petitioner's habeas corpus claims had been procedurally defaulted, and that Petitioner had failed to demonstrate sufficient "cause and prejudice" or proof of "actual innocence" to over his procedural default. It was therefore recommended that Scott II should be dismissed with prejudice. (Scott II, Report and Recommendation dated June 18, 2001, [Docket No. 10], pp. 5, 11.) The District Court Judge adopted that recommendation, and Scott II was dismissed on July 16, 2001. (Id., [Docket Nos. 11, 12].)

In 2008, Petitioner filed a post-conviction motion in the state trial court, contending that his 1991 murder conviction should be vacated because of new evidence that purportedly cast doubt on the validity of his conviction. The state post-conviction motion was denied by the trial court due to untimeliness, and the Minnesota Supreme Court affirmed that ruling on September 23, 2010. Scott v. State, 788 N.W.2d 497 (Minn. 2010).

Petitioner filed his current federal habeas corpus petition on June 6, 2011. The current petition lists several grounds for relief, most of which are connected to the same "new evidence" that Petitioner cited in his last state post-conviction motion.

Petitioner's current habeas corpus claims cannot be addressed on the merits, however, because his present petition challenges the same conviction that was before the Court in Scott I and (more importantly) in Scott II. As discussed more fully below, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.

## II.   DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2] Under that rule, a district court cannot entertain a second or

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
 **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

3

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).   See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's third application for federal habeas corpus review of his 1991 murder conviction.  Because

---

or
**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Petitioner's last federal habeas petition was dismissed with prejudice in Scott II, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).[3] This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 129 S.Ct.

---

[3] The earlier dismissal of Scott I did not cause Scott II to be a second or successive petition for purposes § 2244(b), because Scott I was dismissed without prejudice due to non-exhaustion. Slack v. McDaniel, 529 U.S. 473, 487 (2000). However, Scott II was dismissed with prejudice, because of Petitioner's procedural default, and Scott II therefore causes the current petition to be a second or successive petition. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("the dismissal of a first petition with prejudice because of a procedural default (and a failure to show cause and prejudice) forecloses the possibility that the underlying claims will be addressed by a federal court," and "[s]uch a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)"); Carter v. United States, 150 F.3d 202, 205-06 (2nd Cir. 1998) ("we hold that a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition... 'second or successive' for purposes of the AEDPA").

1305 (2009).

The Court recognizes that at least some (and perhaps all) of Petitioner's current claims for relief are based on "new evidence," which purportedly was not known to Petitioner when he filed his previous petition in Scott II. Petitioner might believe that he should be automatically allowed to raise such claims in a new habeas petition, because those claims were (allegedly) unavailable to him when he filed his last habeas petition. Such reasoning, however, must be rejected, because even claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the apposite court of appeals). Again, the United States District Court for the District of Minnesota cannot entertain any habeas claims challenging the conviction at issue here, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Eighth Circuit that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 2, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[4] Petitioner should carefully note, however, that this District Court will not entertain any future habeas corpus petition pertaining to his 1991 state court murder conviction, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[5]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

---

[4] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[5] Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

    2.       This action be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated:      June 9, 2011

                                  *s/ Janie S. Mayeron*
                                  JANIE S. MAYERON
                                  United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 23, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.